FILED
SUPERIOR COURT
OF GUAM

2021 AUG 12 PM 1: 41

BY_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TAKAKO B. GUTHRIE AND JOSEPH A. GUTHRIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Petitioners/Plaintiffs, <br><br> vs. <br><br> BOARD OF TRUSTEES OF THE GOVERNMENT OF GUAM RETIREMENT FUND, <br> Respondents/Defendants | Superior Court Case No. SP0094-20 <br><br><br> **DECISION AND ORDER RE: MOTION FOR RECONSIDERATION Of AMENDED DECISION RE: RECUSAL OF COURT UNDER 7 GCA § 6107** |

### INTRODUCTION

This matter is before the Honorable Judge *Pro Tempore* John Thomas Brown ("Judge Brown"), to respond to a Request for Reconsideration by Petitioners of Judge Brown's denial of their Statement of Objection to the hearing by Judge *Pro Tempore* Fitzpatrick of their action as captioned. Their Request for Reconsideration was filed by way of a CVR 7.1 FORM 1, citing to GRCP Rules 60(b) and 59(c). Petitioners/Plaintiffs are represented by attorney Samuel S. Teker.

### BACKGROUND

On July 10, 2020, Petitioners/Plaintiffs filed a Petition for a Preemptory (sic) Writ of Mandate; Alternatively, Complaint for Declaratory and Injunctive Relief, seeking to obtain certain spousal retirement benefits claimed to be due them from the Respondents. Judge

Page 1 of 12

Fitzpatrick was appointed as a Judge *Pro Tempore* to hear the case on May 20, 2021. On June 7, 2021, Petitioners Takako B. Guthrie and Joseph A. Guthrie (collectively herein, "Objectors") timely filed a Statement Objecting to the Competency of Judge *Pro Tem* Maria Fitzpatrick to Hear This Case (herein, the "Objection Statement"). In turn, Judge Fitzpatrick timely filed[1] an Answer to Petitioners' Statement of Disqualification on June 16, 2021 (herein, the "Disqualification Answer"). On June 18, 2021, John Thomas Brown was appointed as Judge *Pro Tempore* "for the purpose of deciding the issue of Judge Pro Tempore Maria G. Fitzpatrick's competency to hear this case". On July 16, 2021 the Court issued its Amended Decision and Order Re: Recusal of Court under 7 GCA §6107, denying the recusal request ("Amended D&O"). On August 2, 2021, Petitioners filed the referenced CVR 7.1 FORM 1 Request for Reconsideration, together with their Memorandum of Points and Authorities in Support of Motion for Reconsideration (herein, "Memorandum").

1.    THE "ELEPHANT IN THE ROOM"

Petitioners' challenge of Judge Fitzpatrick weighed heavily on charges of actual and apparent bias, but their Objection Statement merely made allusions or bare conclusions to various unsubstantiated claims of prejudice and bias, without the specificity required in 7 GCA § 6107: a party wishing to disqualify a judge must file "a written statement objecting to the hearing of such matter or any trial of any issue of fact or law in such action or proceeding before such

---

[1] Section 6107 requires: "Within ten (10) days after the service of such statement as above provided, or ten (10) days after the filing of any statement, whichever is later in time, the Justice or Judge alleged therein to be disqualified may file with the clerk ... his or her written answer admitting or denying any or all of the allegations contained in such statement and setting forth any additional fact or facts material or relevant to the question of his or her disqualification."

Justice or Judge, *and setting forth the fact or facts constituting the ground of the disqualification* of such Justice or Judge." (Italics added) Critically, "[t]he statement of a party objecting to the Justice or Judge on the ground of his or her disqualification shall be presented at the *earliest practicable opportunity after his or her appearance* and *discovery of the facts constituting the ground* of the Justice's or Judge's disqualification...." *Id.* Factually critical, Petitioners' Objection Statement admitted they had known of the specifics for a long time: "[t]his Amended Declaration [the missing Exhibit 1]is dated April 26, 2019 and is signed under penalty of perjury by Guthrie." (Objection Statement, p. 6)

Recognizing their obligation to timely set forth in their Objection Statement actual facts constituting grounds for disqualification, Petitioners explicitly said it that would be provided in an attachment:

> "Accompanying this *Statement Objecting to the Competency of Judge Pro Tem Maria Fitzpatrick To Hear This Case*, is an Exhibit 1. Exhibit 1 is entitled *Amended Declaration of Joseph A. Guthrie in Support of Motion to Disqualify Maria Fitzpatrick* (hereinafter, "Amended Declaration"). ... Review of Exhibit 1 discloses that, during Guthrie's employment at the OAG, Judge Fitzpatrick subjected Guthrie to public humiliation, Exhibit 1-Page 1-2; publicly expressed hostility to Guthrie, Exhibit 1, page 2; encroached on Guthrie's assigned work, Exhibit 1, page 2-3; undermined Guthrie's work, Exhibit 1, page 3; wrote and disseminated a written epigram disparaging Guthrie to fellow office mates, Exhibit 1, page 1; excluded Guthrie from social occasions and alienated the affections Guthrie's friends, Exhibit 1, page 3, and disrespected Guthrie when she lied to him to circumvent the AGO leave policy, Exhibit 1, pages 5-6. Even after Guthrie went into private practice after leaving the Office of Attorney General, Judge Fitzpatrick undermined Guthrie at the law firm where he was employed, Exhibit 1, page 4." (Objection Statement, p 6.)

But there was no such attachment when the Objection Statement was filed on June 7, 2021 nor when Recusal Judge sought it to prepare his amended decision filed July 16th, weeks later. The importance of the missing facts was not lost on Petitioners: "Missing Exhibit 1 sets

forth the history of Judge Fitzpatrick's un-collegial behavior towards Objector Joseph A. Guthtrie, going all the way back to the 1980s." (Memorandum, p 2.). Petitioner's attorney admits "[t]he Missing 'Exhibit 1' is certainly the 'elephant in the room'...." (*Id*, p 1.)

Petitioners' attorney's attempt to explain away the timely reveal of Exhibit 1 in their Motion for Reconsideration is incredible. He said "the undersigned attorney did not file the Missing Exhibit to avoid scandal." (Memorandum, fn. 2, p 5.)

> "June 7, 2021 was the deadline for the Objectors to file their Statement Objecting to the 3 Competency of Judge Pro Tern Maria Fitzpatrick.... The undersigned attorney was aware that Judge Brown's decision of this matter would be posted on the Guam Judiciary's website ... as well as being a public document for all and sundry to see. The undersigned attorney felt that facts asserted in Missing Exhibit 1 were of such a nature that they would subject Judge Fitzpatrick to obloquy were they to made part of the public record.

> "The undersigned attorney has always enjoyed good relations with Judge Fitzpatrick, and did not want to offend her, embarrass her, or to hurt her. Therefore, on the date of filing of the Objection Statement and at the last moment, the undersigned attorney could not bring himself to file the Missing Exhibit 1 as an exhibit. Instead, the undersigned attorney filed the Objection Statement bereft of the Missing Exhibit 1, even thought it was replete with references to the Missing Exhibit 1. The undersigned was contacted by the Clerk of Court Danielle Rosete and was asked about the Missing Exhibit 1 and the undersigned told her that it would not be filed.

> "... The undersigned attorney thought that after the Objection Statement was filed, even without the Missing Exhibit 1, there would be no way Judge Fitzpatrick would attempt to remain on the case, in light of her evident animus toward Objector Joseph A. Guthrie.

But Attorney Teker finally, on August 2, 2021, relented of his concern for Judge Fitzpatrick's embarrassment and made Exhibit 1 public, along with the Motion for Reconsideration.

With full knowledge of the facts on which Petitioner's Objection Statement rests, Petitioners held back revelation of them until more than two weeks after the outcome of the recusal decision was made and issued, on July 16, 2021.

> "In *Van Dox v. Superior Court of Guam*, this court held that '[w]ith respect to the statutory provision requiring that disqualification be urged at the 'earliest practicable

opportunity,' the intention 'is clear that failure to comply with the provision constitutes a waiver.'" 2008 Guam 7 ¶ 45 (quoting *Caminetti v. Pac. Mut. Life Ins. of Cal.*, 139 P.2d 930,933 (Cal. 1943)). ... This rule "rests on the principle that a party may not gamble on a favorable decision." (*People v. Panah*, 107 P.3d 790, 824 (Cal. 2005); quoting *Urias v. Harris Farms, Inc.*, 285 Cal. Rptr. 659, 664 (Ct.App. 1991)). *People v. Wia*, 2020 Guam 17, ¶ 26.

As incredible as the personal drama revealed, is the admission that Petitioners could not distinguish between (1) the "fact or facts material or relevant to the question of his or her disqualification" meant to be set forth in the Objection Statement (7 GCA § 6107), and, (2) the facts to be proved at a hearing. (Memorandum p. 5.) "The undersigned attorney did not believe, based on the language of 7 GCA § 6107, that the facts set forth in the Objection Statement were intended by the Legislature to be treated as evidence." (*Id.*) He said, it was his understanding that "'§ 6107's requirement that a party set forth "the fact or facts constituting the ground of the disqualification of such ... Judge' *only* pertained to affording the challenged judge *with notice of the facts* presenting grounds for the disqualification." (Italics added; *id.*) He wants the Court to believe suggested facts are not facts *unless* they are *evidence*: "the undersigned attorney believed that it was the facts set forth in Missing Exhibit 1 that were the facts which would be presented as **evidence** at a **hearing** *subsequent to the filing of the challenged judge's Answer.*" (Bold italics in original; simple italics added. *Id.*) There is no obligatory hearing contemplated for an appointed Recusal Judge to determine competence when the record is clearly devoid of substantiating facts and a mandatory verification.[2]

---

[2] *See Johnny*, 2006 Guam 10 ¶ 14 "Put simply, it is inefficient to force parties to wait unnecessarily for the resolution of a statement of objection that would ultimately be rejected for failure to comply with the statutory requirements."

## 2. MISTAKE

Petitioners further argue for relief "based on a party's "mistake", citing GRCP Rule 60(b)(1).

But the application of Rules of Civil Procedure in this context, do not apply:

> "Although styled as a motion, we treat a motion for judicial disqualification as a written statement of objection, which is governed by 7 GCA § 6107, and *not by the usual law and rules governing motion practice*. We treat a motion for judicial disqualification as a written statement of objection, which is governed by 7 GCA § 6107, and not by the usual law and rules governing motion practice. *See Johnny*, 2006 Guam 10 Guam ¶¶ 3, 9." (*Van Dox, supra*, ¶ 16; italics added.)

Petitioners state their basis for the claim of mistake is,

> "the undersigned attorney's mistaken belief that the Objection Statement was NOT evidence, and the undersigned attorney's mistaken belief that Judge Fitzpatrick would recuse herself. *Had the undersigned attorney believed that the Objection Statement was evidence*, and *had the undersigned not cared* for the feelings or reputation of a fellow lawyer, *the undersigned would have filed and attached Exhibit 1* to the Objection Statement, thus allowing the factual averments in Exhibit 1 to substantiate the factual averments made in the Objection Statement." (Memorandum, p 6; capitalization in original; italics added.)

These excuses are not mistakes. They were deliberate[3]. They are miscalculated errors of judgment. He misjudged Judge Fitzpatrick and the disclaimers she made in her Answer to the Objection Statement, and he tortuously erred in his interpretation of "facts", "evidence", and § 6107. The Deluxe Black's Law Dictionary, 6th Ed., West Publishing, defines' mistake':

> "Mistake. Some unintentional act, omission, or error arising from ignorance, surprise, imposition, or misplaced confidence. A state of mind not in accord with reality.

---

[3] "[O]n the date of filing of the Objection Statement and at the last moment, the undersigned attorney could not bring himself to file the Missing Exhibit 1 as an exhibit". (Memorandum, p 2.) After the Amended D&O was issued, though, he overcame his care "for the feelings or reputation of a fellow lawyer" and made public the "missing Exhibit 1". The rule of § 6107 requiring a statement of objection to a judge's hearing of a matter to set forth the fact or facts constituting the ground of the disqualification at the earliest practicable opportunity "rests on the principle that a party may not gamble on a favorable decision." *People v. Wia, supra*, 2020 Guam 17, ¶ 26.

"A mistake of law happens when a party, having full knowledge of the facts, comes to an erroneous conclusion as to their legal effect. It is a mistaken opinion or inference, arising from an imperfect or incorrect exercise of the judgment, upon facts."

An analogue description of how a claim of "mistake" is to be judged is in the Guam procurement regulations:

"Correction or withdrawal of a bid because of an inadvertent, nonjudgmental mistakes in the bid requires careful consideration to protect the integrity of the competitive bidding system, and to assure fairness. If the mistake is attributable to an error in judgment, the bid may not be corrected. Bid correction or withdrawal by reason of a nonjudgmental mistake is permissible, but only to the extent it is not contrary to the interest of the territory or the fair treatment of other bidders." 2 GAR § 3109(m)(4)

3.    FINANCIAL INTEREST

Petitioners' Objection Statement had asserted "Judge Fitzpatrick has a 'financial interest' *in the money* in the possession of the Retirement Fund" (p 5), and the Court's Amended D&O denied that a GRFF member had any interest *in a particular asset* of the fund (p 13, all emphasis added). Here, Petitioners again misinterpret the meaning of a financial interest. They assert

"... 7 GCA §6105(d)(4) states, in relevant part, "Financial interest means ownership of a legal or equitable   interest, except that: (A) Ownership in a mutual or common investment fund that holds securities is not a *financial interest* in such securities" ([original] emphasis added). It excludes investment funds and mutual funds from the ambit of its definition of "financial interest" ... GGRF DO NOT hold legal ownership of shares [of] the property of the GGRF (as they would in an  investment fund or mutual fund).... Judge Brown committed clear error in holding that Judge Fitzpatrick did not have a financial interest in the GGRF." (Memorandum, p 8.)

Petitioners' Memorandum places emphasis on the wrong words to reach their desired interpretation.  The correct emphasis is that "Ownership **in a** mutual or common investment **fund** that *holds* **securities** is *not a financial interest* **in such securities**" (7 GCA §6105(d)(4); all emphasis added). An *ownership interest in a mutual or common investment* **fund ...** *is clearly **not** a financial interest*.  As elaborated in the Amended D&O (pp 12-18), the Guam Government *Retirement Fund is* a **fund** that holds securities in *its* name, thus is not a disqualifying financial

interest; the Plans and provisions of the GGRF are in accord with the analysis in the D&O. The Amended D&O was corroborated by the analysis of the Committee on Codes of Conduct of the Judicial Conference of the United States' Committee on Codes of Conduct Advisory Opinion No. 106: Mutual or Common Investment Funds (March 2011) (see, pp 16-17 of the Amended D&O).

4.    NECESSITY

Petitioners reason that "[i]nasmuch as Judge Brown disallowed Judge Fitzpatrick's claim of defense of necessity, the stage was set for Judge Brown finding that Judge Fitzpatrick is disqualified." However, Petitioners could only act upon that stage if Judge Brown had found facts in the Objection Statement that were credible grounds for disqualification. As the Amended D&O instead found,

> "[t]he distances between Objectors' conclusory statements and adduced facts are too tenuous, if existent. 'We would not want judges to construe our decision in *Dizon* to mean that they should distance themselves from cases at the slightest suggestion [of impartiality]'." (*Ada, supra*, ¶ 15; Amended D&O, p 28.) Judge Brown finds that Judge Fitzpatrick is competent to hear the captioned matter."


5.    VERIFICATION DEFICIENCY

Finally, Petitioners admit they "failed, as required by 7 GCA 6107, to verify the Objection Statement pursuant to 6 GCA 4308. This failure rendered this Objection Statement legally insufficient." But they here do not capitulate: "The question is what is the proper remedy for this failure." The Supreme Court has answered that question in the *Van Dox* decision:

"The answer must be "verified in the manner prescribed for the verification of pleadings." 7 GCA § 6107. If an answer is not verified, then the answer is inadequate and may be disregarded. (finding that statements of objection may be stricken or disregarded if they are not properly verified); Petition, Ex. 2(A)(5), Decision & Order, *Akimoto v. Gutierrez*, CV 101 1-02, at 5-6 (Guam Super. Ct. Dec. 22, 2005) (striking statement of objection because it was not properly verified)."
(*Van Dox, supra*, ¶ 22.)

## 6. JURISDICTION.

Having responded to Petitioners' reasoning to substantiate a reconsideration of the D&O (Memorandum p. 1), Recusal Judge Brown nevertheless questions Petitioners' jurisdiction to bring this motion to reconsider Recusal Judge's decision on judicial competence in the first place. Petitioners framed their arguments under authority of GRCP Rules 60(b) and 59(c) and on CVR 7.1 FORM 1, the prescribed form for such particular purposes. "GRCP Rule 60(b)(1) provides that the Court can relieve a party from the consequences of a proceeding based on a party's "mistake" (Memorandum pp 5-6), and, "Rule 59(e) provides for motions to "alter or amend a judgment" (*id*, pp 6-7). However, 7 GCA § 6107 admits of no such remedies.

The scheme of the judicial disqualification rules is described in 7 GCA Civil Procedure, Chapter 6, Judicial Officers, Justices and Judges. Section 6105 sets out certain conditions that could disqualify a judge (or justice) from hearing a matter, and places responsibility for determining if any such condition exists on the judge in the first instance. Section 6106 requires a judge who "shall have knowledge of any fact or facts which, under the provisions of 6105 of this Chapter, disqualify him or her ... to declare the same in open court". Section 6107 then provides procedures when a judge has not made a § 6106 declaration. Salient here is that:

"No Justice or Judge who shall deny his or her qualification shall hear or pass upon the question of his or her own disqualification, but in every case the question of the Justice's

or Judge's disqualification shall be heard and determined by some other Judge. ...

"If such Judge admits his or her disqualification ... or if it shall be determined after the hearing that he or she is disqualified, the action or proceeding shall be heard and determined by another Judge of the Superior Court who is not disqualified."

Finally, Section 6108(a) instructs, "When there is no Judge qualified or available to hear a cause, action or hearing in the Superior Court, the Presiding Judge shall request the Chief Justice to appoint a Judge pro tempore to hear the matter." Consistent with 7 GCA § 6108, by Order of Guam's Chief Justice, "[a]t the request of Presiding Judge Alberto C. Lamorena III, on the basis that there is no available judge of the Superior Court of Guam to pass on the matter of the disqualification" of Judge Fitzpatrick", Judge Brown was appointed as a Judge Pro Tempore of the Superior Court with a limited, *specific* brief: "for the purpose of deciding the issue of Judge Pro Tempore Maria G. Fitzpatrick's competency to hear this case". As mentioned in the Background above, Judge Brown has indeed decided and ordered that Judge Fitzpatrick is competent to hear this case, and, the Objection Statement of Petitioners was substantively as well as formally defective. (Amended D&O, pp 28-29.)

Title 7 GCA Civil Procedure, Chapter 6 does not contemplate any appeal or reconsideration of the decision of the recusal judge. Petitioners' would have the Court do again what it did first time, but based on further arguments and additional facts and circumstances. "Although styled as a motion, we treat a motion for *judicial disqualification* as a written statement of objection, which is governed by 7 GCA § 6107, and not by the usual law and rules governing motion practice. *See Johnny*, 2006 10 ¶¶ 3, 9", *Van Dox v. Super. Ct. (Alcorn)* 2008 Guam 7, ¶ 16. Also, *see People v. Torres*, 2008 Guam 26: "[t]he power of contempt exercised

by the Superior Court is a power inherent in all courts to enforce obedience, something they must possess in order to properly perform their functions. Historically, a court's contempt powers have been described as *sui generis —neither civil actions nor prosecutions for offenses*, within the ordinary meanings of those terms." (Emphasis added.)

Having performed the task assigned to him, Judge Brown feels he has depleted his authority and accomplished his task. If so, the underlying matter would have now fallen back into Judge Fitzpatrick's hands. There would be no right of *appeal*, let alone right to reconsideration within the scheme of Title 7, Chapter 6 Guam Code Annotated.[4]

Nevertheless,

"[A] party may seek review of a judge's decision to strike a statement of objection through a writ proceeding." *People v. Johnny*, 2006 Guam 10 ¶ 21. A writ of prohibition may be granted if a tribunal acted in excess of its jurisdiction, such as improperly refusing to refer a statement of objection to another judge. *Id.* (citing *People v. Super. Ct. (Laxmana)*, 2001 Guam 26 ¶ 16). A writ petition seeking review of the denial of a request for disqualification is reviewed for an abuse of discretion." *Van Dox, supra,* ¶28.

And, "When appealing a denial of a motion for a judge's disqualification after final judgment, this court reviews the decision for an abuse of discretion. The interpretation of the recusal statutes is reviewed de novo". *Long-term Credit Bank v Superior Court* 2003 Guam 10 ¶ 28 (citations omitted).

## CONCLUSION

Having had a second reading of and considered the submissions of Petitioners and its Motion for Reconsideration, the Court has again determined that Petitioners have failed to meet the time limits required in 7 GCA § 6107 to file their Objection Statement at the earliest

---

[4] But see, Judicial Disqualification: An Analysis of Federal Law, 3rd Edition, Federal Judicial Center, Chapter V, Disqualification on Appeal https://www.fjc.gov/content/348974/judicial-disqualification-analvsis-federal-law-third-edition.

opportunity, and have instead knowingly gambled upon a late filing, and lost. As well, Petitioners' failure to properly verify their own Objection Statement, in the face of Petitioners' reiterated warnings that Judge Fitzpatrick must faithfully verify any statements she may make or documents she submits, is inexcusable cause for the Court to disregard Petitioners' formally deficient Objection Statement. And, for the reasons set out herein above, Petitioners have not cured the substantive inadequacies of the original Objection Statement. Lastly, and perhaps of first importance, the Court finds that it lacks jurisdiction to hear Petitioners' motion for reconsideration.

Petitioners' Motion for reconsideration of the Amended Decision re: Recusal is hereby denied.

SO ORDERED: **AUG 1 2 2021**

HONORABLE JUDGE *PRO TEMPORE*
JOHN THOS. BROWN